DAVID HENKIN          #6876
EARTHJUSTICE
850 Richards Street, Suite 400
Honolulu, Hawai'i  96813
Telephone No.:  (808) 599-2436
Fax No.:  (808) 521-6841
Email:  dhenkin@earthjustice.org
Attorneys for Plaintiffs in Civil No. 13-00684 SOM RLP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| CONSERVATION COUNCIL FOR HAWAI'I, *et al.*, | ) CIVIL NO. 13-00684 SOM RLP |
|---|---|
| Plaintiffs, | ) <br> ) PLAINTIFFS CONSERVATION <br> ) COUNCIL FOR HAWAI'I, ANIMAL <br> ) WELFARE INSTITUTE, CENTER |
| v. | ) FOR BIOLOGICAL DIVERSITY, <br> ) AND OCEAN MAMMAL |
| NATIONAL MARINE FISHERIES SERVICE, *et al.*, | ) INSTITUTE'S CONCISE <br> ) STATEMENT OF UNDISPUTED <br> ) MATERIAL FACTS; CERTIFICATE |
| Defendants. | ) OF COMPLIANCE; <br> ) DECLARATION OF ROBIN W. <br> ) BAIRD, Ph.D; EXHIBITS "1" – "5;" <br> ) DECLARATION OF DOUGLAS L. <br> ) BEVINGTON; DECLARATION OF <br> ) MARSHA L. GREEN; <br> ) DECLARATION OF CATHY ANN <br> ) LISS; DECLARATION OF <br> ) KIMBERLY KEALOHA <br> ) PISCIOTTA; DECLARATION OF <br> ) MIYOKO SAKASHITA; <br> ) DECLARATION OF MARJORIE <br> ) F.Y. ZIEGLER; CERTIFICATE OF <br> ) SERVICE <br> ) |

| | |
|---|---|
| NATURAL RESOURCES DEFENSE COUNCIL, INC., *et al.*, | ) CIVIL NO. 14-00153 SOM RLP<br>) (CONSOLIDATED CASE)<br>) |
| Plaintiffs, | )<br>) |
| | ) Judge: Hon. Susan Oki Mollway |
| v. | ) |
| | ) Trial Date: None Assigned |
| NATIONAL MARINE FISHERIES SERVICE, *et al.*, | )<br>)<br>) |
| Defendants. | )<br>) |

PLAINTIFFS CONSERVATION COUNCIL FOR HAWAI'I,
ANIMAL WELFARE INSTITUTE, CENTER FOR BIOLOGICAL
DIVERSITY, AND OCEAN MAMMAL INSTITUTE'S
CONCISE STATEMENT OF UNDISPUTED MATERIAL FACTS

Pursuant to Local Rule 56.1, plaintiffs Conservation Council for Hawai'i, Animal Welfare Institute, the Center for Biological Diversity, and Ocean Mammal Institute, through their counsel Earthjustice, hereby submit their concise statement in support of their Motion for Summary Judgment, filed herewith:

1. The Hawaii-Southern California Training and Testing ("HSTT") Study Area includes the at-sea portions of: (1) the Hawaii Range Complex, which encompasses approximately 2.7 million square nautical miles of ocean around the major Hawaiian Islands; (2) the Southern California Range Complex, which includes San Diego Bay and approximately 120,000 square nautical miles of ocean between Dana Point and San Diego, California; (3) the Silver Strand Training

Complex, which comprises training areas located on and adjacent to the Silver Strand, an isthmus separating San Diego Bay from the Pacific Ocean; (4) pierside locations in San Diego Bay, California and Pearl Harbor, Hawaiʻi; and (5) a transit corridor for vessels and aircraft en route between Southern California and Hawaiʻi. Second Amended Complaint (Dkt. No. 41) ¶ 2; Answer (Dkt. No. 43) ¶ 2; Navy-H170101-16.[1]

2. The study area is home to thirty-nine marine mammal species, several listed under the Endangered Species Act ("ESA"), as well as five ESA-listed sea turtle species. NMFS-4079-85; NMFS-65185. Second Amended Complaint ¶ 4; Answer ¶ 4.

3. The Navy has conducted training and testing in the HSTT Study Area for decades, but recently sought to increase its activities' intensity and scope during the period from December 2013 to December 2018. Navy-H170162-211.

4. Navy plans include tripling use of its most powerful mid-frequency active sonar (to nearly 60,000 hours over five years), a source so powerful a single "ping" can permanently damage the hearing of a marine mammal 100 yards away. Navy-H170266; NMFS-37004.

---

[1] Record citations indicate which agency's record is referenced, followed by the Bates-stamp number.

5. Over five years, the Navy plans to emit over 500,000 hours of sonar, which has been implicated in mass strandings of marine mammals, including the 2004 stranding of up to 200 melon-headed whales on Kauaʻi. Navy-H72721-22, 72753; Navy-H151922-27; Navy-H170266-67.

6. The Navy also intends to use more than 260,000 bombs, missiles, mines and other explosives. Navy-H170269-72.

7. In 2011, a single demolitions exercise killed four dolphins off San Diego. Navy-H170634.

8. Because HSTT activities threaten harm to marine animals, the Navy sought incidental take authorization from NMFS under the Marine Mammal Protection Act ("MMPA"). Navy-H154436.

9. NMFS determined that, over the next five years, HSTT activities would kill up to 155 marine mammals, permanently injure over 2,000 more, and inflict additional harm nearly 9.6 million times by disrupting vital behaviors such as migration, nursing, breeding, feeding, and sheltering. NMFS-37032-36; Navy-H00173393-94.

10. NMFS concluded HSTT activities would have only "negligible impact," and, in December 2013, NMFS issued regulations, and associated letters

of authorization ("LOAs"), authorizing all MMPA take. NMFS-433; NMFS-494; NMFS-36995.

11. On May 7, 2014, NMFS published a Federal Register notice that alters the preamble to the final regulations published on December 24, 2013. Second Amended Complaint ¶ 7; Answer ¶ 7.

12. On May 12, 2014, NMFS issued revised LOAs for HSTT activities that supersede the LOAs issued on December 13, 2013. Second Amended Complaint ¶¶ 7, 137; Answer ¶¶ 7, 137; NMFS-65572; NMFS-65588.

13. Prior to authorizing MMPA take, NMFS failed meaningfully to analyze whether the levels of death and injury associated with HSTT activities would adversely affect the annual rate of recruitment or survival of any of the sixty-five stocks affected. NMFS-37036-40; Baird Decl. ¶¶ 10-23, 39.

14. NMFS failed to analyze whether behavioral disturbance of individual marine mammals would result in population-level effects. NMFS-37036-40.

15. NMFS failed to apply available analytic tools to determine whether the nearly one-half million disturbances to essential behaviors the Navy requested would likely cause population-level effects to any of the affected beaked whale stocks. NMFS-37036, 37039, 37043; NMFS-43831; Baird Decl. ¶¶ 11, 17-18.

16. NMFS failed to apply available analytic tools to determine whether any of the fifty-one stocks – including eleven stocks of endangered whales – for which NMFS authorized lethal take would suffer population-level effects from HSTT activities. NMFS-37032, 37034, 37036-40; NMFS-38137-38; NMFS-39779; NMFS-42972; NMFS-42984-85; NMFS-42987; NMFS-49370; 49637, 49660; Navy-H159105, H159110, H159173, H159211, H159216, H159234-36, H159245-48, H1591318, H1591321, H1591324; Baird Decl. ¶¶ 19-23 & Exh. 3.

17. Because HSTT activities threaten harm to ESA-listed animals, the Navy and NMFS's Office of Protected Resources–Permits and Conservation Division consulted NMFS's Office of Protected Resources–Endangered Species Act Interagency Cooperation Division pursuant to ESA section 7. Second Amended Complaint ¶ 8; Answer ¶ 8; NMFS-49954; Navy-H179307.

18. On or about December 13, 2013, NMFS issued a biological opinion ("BiOp") regarding the Navy's proposed HSTT activities and NMFS's proposed MMPA regulations and associated LOAs. Second Amended Complaint ¶ 8; Answer ¶ 8; NMFS-49497.

19. In an effort to cure flaws Plaintiffs identified in their First Amended Complaint, on or about April 24, 2014, NMFS issued a "corrected" BiOp that

supersedes the December 13, 2013 BiOp.  Second Amended Complaint ¶¶ 9, 149; Answer ¶¶ 9, 149; NMFS-64190; NMFS-65107; NMFS-65109; NMFS-65570.

20. The "corrected" BiOp contains no new analyses, information or facts. NMFS-65125.

21. In its BiOps, NMFS concluded HSTT activities would kill up to fifteen endangered whales and countless listed sea turtles, and would inflict harm on listed species tens of thousands of times.  NMFS-49652-61; NMFS-65460-69. NMFS nonetheless found no species would be jeopardized and authorized all ESA take.  Id.

22. Prior to authorizing ESA take, NMFS failed meaningfully to analyze the factors NMFS itself identified as key to determining whether the death and injury associated with HSTT activities would jeopardize the affected listed species. NMFS-65177-79; Baird Decl. ¶¶ 24-39.

23. NMFS failed to conduct a meaningful analysis of the effects of authorizing Navy vessel strikes to kill up to fifteen endangered whales over five years.  NMFS-52397; NMFS-65341, 65445, 65447-48, 65450-51, 65454, 65464, 65466, 65468; Baird Decl. ¶¶ 25-27.

24. NMFS failed to use available population viability models, or any other accepted scientific method, to assess the effect of lost reproductive potential

from HSTT activities on the affected endangered whale species' prospects for survival.  NMFS-65179; Baird Decl. ¶¶ 25-34 & Exh. 4.

25.	NMFS authorized Navy training each year to kill four turtles from any of five listed "Pacific Sea Turtle" species (leatherback, loggerhead, olive ridley, hawksbill and green) and to cause lung injury to an additional thirteen Pacific Sea Turtles.  NMFS-65381, 65465.

26.	NMFS concluded that sea turtles that experience even slight lung injury would be expected to die from the injury.  NMFS-65468.

27.	NMFS determined Navy vessel strikes would kill an unspecified number of listed turtles.  NMFS-65299, 65458, 65465, 65467.

28.	NMFS failed to conduct a meaningful analysis of the effects of authorizing take of listed turtles.  NMFS-50149; NMFS-64108; NMFS-65469; Navy-H90261-63; Navy-H92439-40; Baird Decl. ¶¶ 35-39.

29.	NMFS could have quantified how many imperiled turtles Navy vessels were likely to kill, but failed to do so.  NMFS-65107; NMFS-65342, 65458, 65465, 65467.

30.	NMFS failed to apply available population viability models to evaluate whether HSTT-related deaths would jeopardize any affected turtle species.  NMFS-65327, 65458-49, 65469; Baird Decl. ¶¶ 37-38 & Exh. 5.

31. NMFS's BiOp allows Navy testing activities to kill more endangered whales than NMFS authorized under the MMPA. NMFS-65466; NMFS-65593.

32. NMFS established a permissible level of listed turtle take from Navy vessel strikes that is coextensive with the HSTT project's scope. NMFS-65463, 65465, 65467.

33. The Navy prepared the HSTT environmental impact statement ("EIS") to support the Navy's request to obtain incidental take authorization from NMFS and NMFS's rule-making under the MMPA. Navy-H170080, H170089.

34. The HSTT EIS does not evaluate a "no action" alternative involving denial of the requested MMPA authorization. Navy-H170161; NMFS-38823.

35. The HSTT EIS does not evaluate a "no action" alternative that depicts accurately current HSTT activities. Navy-H170114, H170116, H170161-62.

36. The HSTT EIS considers only a so-called "no action" alternative, along with two virtually identical alternatives: (1) more training and testing ("Alternative 1") and (2) yet more training and testing ("Alternative 2"). Navy-H170161-211.

37. Numerous commenters urged the Navy to consider alternatives that would reduce harm to marine mammals by prohibiting or restricting HSTT activities in specific areas identified as biologically important, but the Navy

refused. Navy-H121722; Navy-H121949; Navy-H151876-79; Navy-H151939, H152011-15, H152022-23; Navy-H164280-85; Navy-H166477; Navy-H166493; Navy-H170158; NMFS-38823; NMFS-39396; Exh. 2.

38. The Navy's analysis indicates the most severe harm – permanent injuries and mortalities – occurs when marine mammals are in close proximity to Navy sonar, explosives and vessels. Navy-H170694-95, H170738, H170799-807.

39. The Navy failed to justify its refusal to evaluate in the HSTT EIS alternatives restricting activities in at least some biologically important areas. Navy-H166473; Navy-H166477, H166484; Navy-H170158; Navy-H171639-40, H171642-44; NMFS-2101.

40. Alternatives imposing geographic or temporal restrictions on HSTT activities are feasible. Navy-H171633-35; NMFS-38634.

41. In adopting the HSTT EIS, NMFS knew it did not enumerate alternatives involving denial of the Navy's request for incidental take authorization or considering geographic or temporal restrictions that commenters on the draft EIS suggested. NMFS-38823.

\\
\\
\\

DATED: Honolulu, Hawaiʻi, October 30, 2014.

        EARTHJUSTICE
        850 Richards Street, Suite 400
        Honolulu, Hawaiʻi 96813

        /s/ David L. Henkin
By:  DAVID L. HENKIN
        Attorneys for Plaintiffs Conservation
        Council for Hawaiʻi, Animal Welfare
        Institute, the Center for Biological Diversity,
        and Ocean Mammal Institute

CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.5(e), I certify that the foregoing brief is set in a proportionally spaced 14-point font (Times New Roman) and contains 1,499 words, exclusive of the caption, tables, and signature block. I have relied upon Microsoft Word to determine the word count.

DATED: Honolulu, Hawaiʻi, October 30, 2014.

>	EARTHJUSTICE
>	850 Richards Street, Suite 400
>	Honolulu, Hawaiʻi 96813
>
>	/s/ David L. Henkin
> By: DAVID L. HENKIN
>	Attorneys for Plaintiffs Conservation Council for Hawaiʻi, Animal Welfare Institute, the Center for Biological Diversity, and Ocean Mammal Institute