FLORENCE T. NAKAKUNI (2286)
United States Attorney
District of Hawaii

HARRY YEE (3790)
Assistant U.S. Attorney
Room 6-100, PJKK Federal Bldg.
300 Ala Moana Boulevard
Honolulu, Hawaii  96850-6100
Telephone:  (808) 541-2850

JOHN C. CRUDEN
Assistant Attorney General

KEVIN W. McARDLE, Senior Attorney
TY BAIR, Trial Attorney
U.S Department of Justice
Environment & Natural Resources Division
Benjamin Franklin Station, P.O. Box 7611
Washington, D.C.  20044-7611
Telephone: (202) 305-0219[*]

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CONSERVATION COUNCIL FOR HAWAI‘I, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL MARINE FISHERIES SERVICE, *et al.*,<br><br>Defendants.<br>_____<br><br>NATURAL RESOURCES DEFENSE COUNCIL, INC., *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL MARINE FISHERIES SERVICE, *et al.*,<br><br>Defendants. | Case No. 1:13-CV-00684-SOM-RLP (Lead); Case No. 1:14-cv-00153-SOM-RLP (Consolidated)<br><br>**STIPULATED SETTLEMENT AGREEMENT AND [PROPOSED] ORDER; MAPS "1" – "4"**<br><br>Judge:  Hon. Susan Oki Mollway<br>Hearing Date:  None<br>Trial Date:      None Assigned |

---

[*] Pursuant to Local Rule 10.2(b), the complete list of parties represented is set forth on the signature page.

## STIPULATED SETTLEMENT AGREEMENT AND ~~[PROPOSED]~~ ORDER

The parties to the above-captioned consolidated actions, by and through undersigned counsel, state as follows:

WHEREAS, on March 31, 2015, the Court issued an Opinion and Order granting the Plaintiffs' motions for summary judgment as to the merits of their claims (ECF No. 98);

WHEREAS, having bifurcated proceedings on liability and remedy, the Court directed the parties to submit, by April 14, 2015, a proposed schedule for further proceedings to determine appropriate relief (ECF Nos. 38, 100);

WHEREAS the parties subsequently stipulated to multiple extensions of the April 14, 2015 deadline to allow for settlement negotiations, and the Court approved those stipulations (ECF Nos. 103, 105, 107, 111, 113, 115);

WHEREAS the parties, through their authorized representatives, and without any admission of fact or law with respect to Plaintiffs' claims, have reached a settlement resolving the claims contained in Plaintiffs' second amended complaints (ECF Nos. 40-41), except for Plaintiffs' claims for awards of attorneys' fees and litigation costs;

WHEREAS the parties agree that settlement of these consolidated actions in the manner described below is in the public interest and is an appropriate way to resolve the disputes between them;

NOW, THEREFORE, THE PARTIES STIPULATE, AND THE COURT ORDERS, AS FOLLOWS:

1.      For purposes of this Stipulated Settlement Agreement ("Stipulation"), the terms listed below are defined as follows:

a.      "EIS" means the Hawaii-Southern California Training and Testing Activities Final Environmental Impact Statement/Overseas Environmental Impact Statement (dated August 2013) (ECF Nos. 64-19 through 64-25, and 65-2 through 65-10).

b.      "HSTT" means the U.S. Department of the Navy's ("Navy's") Hawaii-Southern California Training and Testing Study Area described in the EIS (ECF No. 64-20:5207-22 (H167431-46)).

c.      "Final Rule" means the final rule issued pursuant to the Marine Mammal Protection Act, 16 U.S.C. § 1371(a)(5)(A), for the Navy's HSTT activities that is at issue in this litigation (78 Fed. Reg. 78,106 (Dec. 24, 2013) (ECF No. 66-19), as corrected, 79 Fed. Reg. 26,188 (May 7, 2014)).

d.      "In-Water Explosive" means a weapon containing an explosive-filled warhead or demolition charge purposefully detonated below the water's surface.  This definition specifically excludes devices employing explosives with 5 pounds net explosive weight or less for non-weapon

functions such as launch or ejection, or to actuate or perform internal functions.

e.      "MFAS" means hull-mounted, mid-frequency active sonar (a sonar source producing signals from 1 to 10 kilohertz) on Navy surface vessels.

f.      "MTE" means a coordinated or strike group major training exercise that, for purposes of this Stipulation, consists of:  Integrated Anti-Submarine Warfare Course, Composite Training Unit Exercise, Joint Task Force Exercise, Sustainment Exercise ("SUSTEX"); Undersea Warfare Exercise ("USWEX"); Independent Deployer Certification Exercise ("IDCERTEX"); and Rim of the Pacific Exercise ("RIMPAC").  MTE includes Unit-Level Training (defined in paragraph 1.h) that may be conducted by MTE participants when an MTE is ongoing.

g.      "System Checks" means the non-tactical use of MFAS for pre-operational testing, preventive or corrective maintenance, and during inspections by the Board of Inspection and Survey.

h.      "Unit-Level Training," or "ULT," means single surface vessel training, or a combination of surface vessels and submarines or aircraft training, with the use of surface ship MFAS.

2.     This Stipulation shall take effect immediately upon the Court's entry of the Stipulation as the Court's order; provided, however, that the Navy's duty to comply with the non-MTE provisions of paragraphs 8-26 shall commence 60 days after this Stipulation takes effect.  The Navy's duty to comply with the MTE provisions within paragraphs 9-12, 15, 17, 20-21, and 23-24 shall take effect immediately upon the Court's entry of the Stipulation as the Court's order.

3.     Paragraphs 1(d) to (h), 8 through 36 and 40 of this Stipulation shall automatically expire upon the earlier of:  (a) the expiration of the Final Rule on December 24, 2018; or (b) the National Marine Fisheries Service's ("NMFS") issuance of a superseding final rule pursuant to the Marine Mammal Protection Act, 16 U.S.C. § 1371(a)(5)(A), preceded or accompanied by:  (i) a new biological opinion or "not likely to adversely affect" concurrence letter concluding consultation pursuant to Section 7(a)(2) of the Endangered Species Act, 16 U.S.C. § 1536(a)(2), on the superseding final rule and associated HSTT training and testing activities; and (ii) a new or supplemental Environmental Impact Statement/Record of Decision or Environmental Assessment/Finding of No Significant Impact for the superseding rule and associated HSTT training and testing activities prepared pursuant to the National Environmental Policy Act.

4.     The Final Rule, associated Letters of Authorization (ECF Nos. 67-22, 67-23), and EIS are remanded to Defendants without vacatur.

5.     Nothing in this Stipulation shall be construed to modify or limit the discretion afforded to Defendants under the Marine Mammal Protection Act, the National Environmental Policy Act, the Endangered Species Act, the Administrative Procedure Act, or general principles of administrative law in carrying out the remand and issuing any superseding decision documents described in paragraph 3, or with respect to the substance of any superseding decision documents.

6.     Nothing in this Stipulation, or the dismissal with prejudice required by it, shall operate to modify or limit Plaintiffs' right to seek judicial review of any superseding decision documents described in paragraph 3.  Any legal challenge to any superseding decision documents described in paragraph 3 must be brought in a new civil action, and not in a continuation of either or both of the above-captioned consolidated actions.  Defendants reserve any and all defenses they may have to any such legal challenge.

7.     During the period that paragraphs 8 through 27 are in effect, the Navy shall conduct its training and testing activities in the HSTT subject to the terms of this Stipulation and the terms of the Final Rule, Letters of Authorization (ECF Nos. 67-22, 67-23), and Biological Opinion (ECF No. 101-1).  In the event of any conflict, the terms of this Stipulation control.

8.     Navy surface vessels operating within the HSTT shall avoid approaching marine mammals head-on and shall maneuver to maintain a 500 yard (457 meter) mitigation zone for observed whales and a 200 yard (183 meter) mitigation zone for all other observed marine mammals (except bow riding dolphins), providing it is safe to do so.

9.     Within the area identified as **Figure A** on the attached Map 1, the Navy shall:  (a) prohibit the use of MFAS for training and testing activities during both MTEs and ULT; and (b) prohibit the use of In-Water Explosives for training and testing activities.

10.     Within the area identified as **Figure B** on Map 1, the Navy shall limit the use of MFAS for training and testing activities during MTEs to one RIMPAC in 2016, one RIMPAC in 2018, three USWEX per calendar year, and one IDCERTEX per calendar year.

11.     Within the area identified as **Figure C** on Map 1, the Navy shall:  (a) limit the use of MFAS for training and testing activities during MTEs to one RIMPAC in 2016, one RIMPAC in 2018, three USWEX per calendar year, and one IDCERTEX per calendar year; (b) prohibit the use of MFAS for training and testing activities during ULT (excluding ULT conducted by participants in an ongoing MTE specified in subparagraph (a)); and (c) prohibit the use of In-Water Explosives for training and testing activities.

12.     Within the area identified as **Figure D** on Map 1, the Navy shall:  (a) limit the use of MFAS for training and testing activities during MTEs to one RIMPAC in 2016, one RIMPAC in 2018, three USWEX per calendar year, one IDCERTEX per calendar year, and one SUSTEX per calendar year; (b) prohibit the use of MFAS for training and testing activities during ULT (excluding ULT conducted by participants in an ongoing MTE specified in subparagraph (a)); and (c) prohibit the use of In-Water Explosives for training and testing activities.

13.     Within the area identified as **Figure E** on Map 1, the Navy shall require that all surface vessels use extreme caution and proceed at safe speed so they can take proper and effective action to avoid a collision with any sighted object or disturbance, and can be stopped within a distance appropriate to the prevailing circumstances and conditions.

14.     Within the area depicted on Map 1 where **Figure E** overlaps with:

   a. **Figure B**, the provisions of both paragraph 10 and paragraph 13 apply; and

   b. **Figure C**, the provisions of both paragraph 11 and paragraph 13 apply.

15.     Within the area identified as **Figure A** on attached Map 2, the Navy shall:  (a) prohibit the use of MFAS for training and testing activities during MTEs; (b) prohibit the use of In-Water Explosives for training and testing

- 7 -

activities; and (c) require that all surface vessels use extreme caution and proceed at safe speed so they can take proper and effective action to avoid a collision with any sighted object or disturbance, and can be stopped within a distance appropriate to the prevailing circumstances and conditions.

16.    Within the area identified as **Figure B** on Map 2, the Navy shall:  (a) prohibit the use of In-Water Explosives for training and testing activities; and (b) require that all surface vessels use extreme caution and proceed at safe speed so they can take proper and effective action to avoid a collision with any sighted object or disturbance, and can be stopped within a distance appropriate to the prevailing circumstances and conditions.

17.    Within the area identified as **Figure C** on Map 2, the Navy shall: (a) prohibit the use of MFAS for training and testing activities during MTEs; (b) implement a Protective Measure Assessment Protocol ("PMAP") Measure advising Commanding Officers that the area is False Killer Whale habitat and that they should avoid using MFAS during ULT within the area whenever practicable; and (c) prohibit the use of In-Water Explosives for training and testing activities.

18.    Within the area depicted on Map 2 where **Figures B and C** overlap, the provisions of both paragraph 16 and paragraph 17 apply.

19.    Within the area identified as **Figure D** on Map 2, the Navy shall prohibit the use of In-Water Explosives for training and testing activities.

- 8 -

20.     Within the area identified as **Figure A** on attached Map 3, the Navy shall:  (a) prohibit the use of MFAS for training and testing activities during MTEs and ULT from June 1 through October 31; and (b) require that all surface vessels use extreme caution and proceed at safe speed so they can take proper and effective action to avoid a collision with any sighted object or disturbance, and can be stopped within a distance appropriate to the prevailing circumstances and conditions.

21.     Within the area identified as **Figure B** on Map 3, the Navy shall:  (a) prohibit the use of MFAS for training and testing activities during MTEs and ULT, except for System Checks, from June 1 through October 31; (b) implement a seasonal PMAP Measure from June 1 through October 31 advising Commanding Officers that the area is Blue Whale habitat and that they should avoid conducting System Checks within the area whenever practicable; and (c) require that all surface vessels use extreme caution and proceed at safe speed so they can take proper and effective action to avoid a collision with any sighted object or disturbance, and can be stopped within a distance appropriate to the prevailing circumstances and conditions.

22.     Within the area identified as **Figure C** on Map 3, the Navy shall require, from November 1 through May 20, that all surface vessels use extreme caution and proceed at safe speed so they can take proper and effective action to

avoid a collision with any sighted object or disturbance, and can be stopped within a distance appropriate to the prevailing circumstances and conditions.

23.     Within the area identified as **Figure A** on attached Map 4, the Navy shall:  (a) prohibit the use of MFAS for training and testing activities during MTEs and ULT; and (b) prohibit the use of In-Water Explosives for training and testing activities.

24.     Within the area identified as **Figure B** on Map 4, the Navy shall prohibit the use of MFAS for training and testing activities during MTEs and ULT.

25.     Within the area identified as **Figure C** on Map 4, the Navy shall require, from June 1 through October 31, that all surface vessels use extreme caution and proceed at safe speed so they can take proper and effective action to avoid a collision with any sighted object or disturbance, and can be stopped within a distance appropriate to the prevailing circumstances and conditions.

26.     Within the area identified as **Figure D** on Map 4, the Navy shall require that all surface vessels use extreme caution and proceed at safe speed so they can take proper and effective action to avoid a collision with any sighted object or disturbance, and can be stopped within a distance appropriate to the prevailing circumstances and conditions.

27.     The Navy's exercise planning for foreign navy participants shall be consistent with the geographic restrictions contained in this Stipulation.  However,

nothing in this Stipulation imposes a duty upon the Navy to attempt to enforce the terms of the Stipulation against foreign navies.

28.    Notwithstanding any provision of this Stipulation, the Navy reserves the authority to conduct any testing or training activities otherwise prohibited or restricted by this Stipulation when the Navy deems it necessary for national defense.  This authority may be invoked only by the Commander, or Acting Commander, U.S. Pacific Fleet, for training activities; or the appropriate Commander, or Acting Commander, Systems Command (Naval Air Systems Command, Naval Sea Systems Command, Space and Naval Warfare Systems Command), or Chief of Naval Research, or Acting Chief, Office of Naval Research, for testing activities.  For any invocation of the authority provided in this paragraph, the Navy shall provide notification to NMFS, and shall also report such invocation(s) of authority in the publicly releasable versions of its Annual HSTT Exercise and Testing Report and 5-Year Close-Out Exercise Report.

29.    Within fourteen (14) days of an event triggering the reporting requirements of 50 C.F.R. § 218.75(c) or (d), NMFS shall initiate a review of the event pursuant to 50 C.F.R. §§ 218.78(c) and 216.106(e) to determine whether additional mitigation is required, or whether the Navy's Letters of Authorization (ECF Nos. 67-22, 67-23) should be modified, withdrawn, or suspended.  Also within fourteen (14) days of an event triggering the reporting requirements of 50

C.F.R. § 218.75(c) or (d), NMFS shall publish notice of the event on its internet website and shall notify Plaintiffs in accordance with paragraph 32 regarding the internet address at which the notice is available.

30.     NMFS shall complete its review of an event triggering the reporting requirements of 50 C.F.R. § 218.75(c) or (d) as expeditiously as possible, and no later than: (i) six (6) months from the date of the event when NMFS finds that notice and comment procedures under 50 C.F.R. § 216.106(e) or 50 C.F.R. § 218.78(c)(ii) are not required; or (ii) ten (10) months from the date of the event when NMFS finds that notice and comment procedures are required.  Should NMFS find that notice and comment procedures are required, NMFS shall:  (i) submit notice of its proposed action to the Federal Register for publication within six (6) months from the date of the event that triggered the reporting requirements of 50 C.F.R. § 218.75(c) or (d); and (ii) notify Plaintiffs of the submission in accordance with paragraph 32 on the Federal Register filing date, *see* 44 U.S.C. § 1503.

31.     At the time NMFS completes its review described in paragraphs 29 and 30, NMFS shall publish notice of the outcome of its review on its internet website and shall notify Plaintiffs in accordance with paragraph 32 regarding the internet address at which the notice is available.

32.     Whenever notifications or other communications to Plaintiffs or

Defendants are required by this Stipulation, they shall be in writing, and be

addressed and sent via U.S. Mail or electronic mail as follows:

To Plaintiffs in *Conservation Council for Hawaii, et al. v. National Marine*

*Fisheries Service, et al.*, Civ. No. 13-00684 SOM/RLP (D. Hawai'i), via

Plaintiffs' attorney of record:

David Lane Henkin
Earthjustice
850 Richards Street, Suite 400
Honolulu, Hawai'i  96813
dhenkin@earthjustice.org

To Plaintiffs in *Natural Resources Defense Council, Inc., et al. v. National*

*Marine Fisheries Service, et al.*, Civ. No. 14-00153 SOM/RLP (D. Hawai'i),

via Plaintiffs' attorney of record:

Jennifer A. Sorenson
NRDC
111 Sutter Street, 20th Floor
San Francisco, CA 94104
jsorenson@nrdc.org

To Defendants, via Defendants' attorneys of record:

Kevin W. McArdle
U.S. Department of Justice
Environment and Natural Resources Division
Wildlife & Marine Resources Section
Benjamin Franklin Station, P.O. Box 7611
Washington, DC  20044-7611
kevin.mcardle@usdoj.gov

- 13 -

Ty Bair
U.S. Department of Justice
Environment and Natural Resources Division
Natural Resources Section
Benjamin Franklin Station, P.O. Box 7611
Washington, DC  20044-7611
tyler.bair@usdoj.gov

33.    Any Party may, by written notice to the other Parties, change its

designated notice recipient or notice address provided in paragraph 32.

34.    Any decision NMFS may make upon completion of its review

described in paragraphs 29 and 30 may be preliminary or interim in nature,

depending upon the information that may be available at the time NMFS is

required to complete its review.  Nothing in this Stipulation prohibits NMFS from

revisiting, revising, or finalizing any such preliminary or interim determination as

relevant new information becomes available.

35.    Nothing in this Stipulation shall be construed to modify or limit the

discretion afforded to NMFS under the Marine Mammal Protection Act, any other

statute or regulation, or general principles of administrative law in conducting the

review described in paragraphs 29 and 30 or with respect to the substance of any

action taken as a result of the review.

36.    Any legal challenge to NMFS's decision following a review described

in paragraphs 29 and 30 must be brought in a separate action, and not in a

continuation of either or both of the above-captioned consolidated actions. Defendants reserve any and all defenses they may have to such a challenge.

37.     Upon the Court's entry of this Stipulation as the Court's order, the above-captioned consolidated actions are dismissed with prejudice.

38.     Nothing in this Stipulation, or the dismissal with prejudice required by it, resolves Plaintiffs' claims for awards of attorneys' fees and litigation costs, which are collateral to and separable from Plaintiffs' claims on the merits that are resolved by the dismissal with prejudice, and which are left for resolution through future negotiation or motion practice.  Judgment shall not be entered in the above-captioned consolidated actions prior to resolution of Plaintiffs' claims for awards of attorneys' fees and litigation costs.  Prior to the entry of judgment herein, the Court shall not entertain any motions other than motions associated with Plaintiffs' claims for awards of attorneys' fees and litigation costs or motions brought pursuant to paragraph 44 or paragraph 45.

39.     Each party reserves any and all arguments, claims, and/or defenses it may have with respect to Plaintiffs' claims for awards of attorneys' fees and litigation costs.  Following the Court's entry of the Stipulation as the Court's order, the parties will attempt to negotiate a resolution of Plaintiffs' claims for awards of attorneys' fees and litigation costs.  Should those negotiations prove unsuccessful,

Plaintiffs may file applications with this Court for the recovery of fees and costs within ninety (90) days of the entry of the Stipulation as the Court's order.

40.     Without limiting the scope, effect, or legal consequences of the dismissal of the above-captioned consolidated actions with prejudice, prior to the expiration of this provision pursuant to paragraph 3, Plaintiffs shall not bring, either individually or collectively, any civil or administrative action in any forum against the United States or any of its officers or agencies:

(a)     challenging, under any law or regulation:  (i) the Biological Opinion (ECF No. 101-1); (ii) the Final Rule; (iii) the Letters of Authorization (ECF Nos. 67-22, 67-23), (iv) the EIS; (v) the Navy's Records of Decision (ECF No. 65-20); or (vi) NMFS's Record of Decision (ECF Nos. 66-21, 66-23);

(b)     challenging, based on information available to the Plaintiffs on or before July 24, 2015, Defendants' failure to (1) supplement the EIS, (2) modify, withdraw, or suspend the Final Rule or associated Letters of Authorization, or (3) reinitiate Endangered Species Act consultation; or

(c)     seeking additional injunctive relief prohibiting or restricting the Navy's training or testing activities in the HSTT described in the EIS.

41.     Nothing in this Stipulation, or the dismissal with prejudice required by it, shall preclude Plaintiffs from bringing, either individually or collectively, any civil or administrative action in any forum against the United States or any of its officers or agencies challenging, based on information not available to the Plaintiffs on or before July 24, 2015, Defendants' failure to (1) supplement the EIS, (2) modify, withdraw, or suspend the Final Rule or associated Letters of Authorization, or (3) reinitiate Endangered Species Act consultation, provided that, prior to the expiration of paragraph 40 pursuant to paragraph 3, Plaintiffs shall not in any such action seek additional injunctive relief prohibiting or restricting the Navy's training or testing activities in the HSTT described in the EIS.  Any legal challenge described in the preceding sentence must be brought in a new action, and not in a continuation of either or both of the above-captioned consolidated actions. Defendants reserve any and all defenses they may have to any such legal challenge.

42.     Nothing in this Stipulation, or the dismissal with prejudice required by it, shall prohibit Plaintiffs from challenging, after paragraph 40 expires pursuant to paragraph 3:  (a) the Biological Opinion (ECF No. 101-1), if Defendants rely on the Biological Opinion to satisfy their obligations under the Endangered Species Act for HSTT training and testing activities to be conducted after expiration of the Final Rule; or (b) the EIS, if Defendants rely on the EIS to satisfy their obligations

under the National Environmental Policy Act for HSTT training and testing

activities to be conducted after expiration of the Final Rule.  Any legal challenge to

the Biological Opinion or EIS described in this paragraph must be brought in a

new civil action, and not in a continuation of either or both of the above-captioned

consolidated actions.  Defendants reserve any and all defenses they may have to

any such legal challenge.

43.     Except as expressly provided in this Stipulation, none of the parties

waives or relinquishes any legal rights, claims, or defenses it may have.

44.     Any provision of this Stipulation may be modified by the Court upon

good cause shown, consistent with the Federal Rules of Civil Procedure, by:  (a)

written stipulation between the parties filed with and approved by the Court; or (b)

upon written motion filed with and granted by the Court.  Any party seeking to

modify the terms of this Stipulation shall first contact the other parties, and the

parties shall meet and confer (telephonically or in-person) at the earliest possible

time in a good-faith effort to resolve the matter before seeking relief from the

Court.

45.     In the event of a dispute arising out of or relating to this Stipulation,

including a dispute over any asserted violation of any term of the Stipulation, the

party raising the dispute shall provide the other parties with notice of the dispute.

The parties agree that they will meet and confer (telephonically or in person)

within seven (7) calendar days after notice is provided in a good-faith effort to resolve the dispute before seeking relief from the Court.  In the event that Plaintiffs believe Defendants have failed to comply with a term of this Stipulation and have not sought to modify the term, Plaintiffs' first remedy shall be a motion to enforce the terms of this Stipulation.  This Stipulation shall not, in the first instance, be enforceable through a proceeding for contempt of court.

46.    Nothing in this Stipulation constitutes a concession by any party as to: (a) any fact, claim, or defense concerning any issue in this case; or (b) the potential impacts on marine mammals or any other form of marine life of MFAS, In-Water Explosives, or any aspect of the Navy's training or testing activities in the HSTT; or (c) the extent of measures applicable to the Navy's training or testing activities in the HSTT that are or may be required to comply with the Marine Mammal Protection Act, the National Environmental Policy Act, the Endangered Species Act, or any other provision of law.  By entering into this Stipulation, Defendants do not concede that any of its terms will or should be incorporated into any final action taken on remand or any superseding decision document described in paragraph 3.

47.    This Stipulation has no precedential value and shall not be used as evidence in any litigation or administrative proceeding except as necessary to enforce its terms.

- 19 -

48.     No provision of this Stipulation shall be interpreted as or constitute a commitment or requirement that the United States is obligated to pay funds in contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other provision of law.

49.     No provision of this Stipulation shall be interpreted as or constitute a commitment or requirement that Defendants take actions in contravention of the Marine Mammal Protection Act, the National Environmental Policy Act, the Endangered Species Act, the Administrative Procedure Act, or any other law or regulation, either substantive or procedural.

50.     This Stipulation was jointly drafted by the parties.  Accordingly, any and all rules of construction to the effect that ambiguity is construed against the drafting party shall be inapplicable in any dispute concerning the terms, meaning, or interpretation of this Stipulation.

51.     All negotiations leading up to this Stipulation, including any correspondence and other documents exchanged during and for the purpose of settlement negotiations, are confidential, and will not be discussed or disclosed except to the parties and their representatives.

52.     The undersigned representatives of each party certify that they are fully authorized by the party or parties they represent to agree to the Court's

approval and adoption of the terms of this Stipulation and do hereby agree to the terms of this Stipulation.

53.    Notwithstanding the dismissal of the above-captioned consolidated actions, this Court shall retain jurisdiction for the purpose of resolving Plaintiffs' claims for attorneys' fees and costs, to oversee and enforce compliance with the terms of this Stipulation, and to resolve any future disputes concerning the interpretation or implementation of this Stipulation or motions to modify its terms. *See Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 381-82 (1994).

DATED:      September 11, 2015        Respectfully submitted,

EARTHJUSTICE
850 Richards Street, Suite 400
Honolulu, Hawai'i 96813

/s/ David L. Henkin
By: DAVID L. HENKIN
Attorneys for Plaintiffs in Case No.
1:13-CV-00684-SOM-RLP (D. Hawaii)

COLIN A. YOST #7739
1600 Kapiolani Boulevard, Suite 1700
Honolulu, HI 96814

/s/ Jennifer A. Sorenson
JENNIFER A. SORENSON
STEPHEN ZAK SMITH
NANCY S. MARKS
Natural Resources Defense Council
Attorneys for Plaintiffs in Case No.
1:14-cv-00153-SOM-RLP (D. Hawaii)

JOHN C. CRUDEN
Assistant Attorney General

/s/ Kevin W. McArdle
KEVIN W. McARDLE, Senior
Attorney (D.C. Bar No. 454569)

/s/ Ty Bair
TY BAIR, Trial Attorney (Idaho Bar
7973)

U.S. Department of Justice

Attorneys for Defendants in Case No.
1:13-CV-00684-SOM-RLP and Case
No. 1:14-cv-00153-SOM-RLP (D.
Hawaii)

APPROVED AND SO ORDERED.



 /s/ Susan Oki Mollway
SUSAN OKI MOLLWAY
CHIEF UNITED STATES DISTRICT JUDGE

Conservation Council for Hawaiʻi, et al. v. National Marine Fisheries Service, et al., Case No. 1:13-CV-00684-SOM-RLP (Lead); Natural Resources Defense Council, et al. v. National Marine Fisheries Service, et al., Case No. 1:14-cv-00153-SOM-RLP (Consolidated); STIPULATED SETTLEMENT AGREEMENT AND [PROPOSED] ORDER; MAPS "1" – "4"